# Shannon *v.* Simms.

## *Malicious Prosecution.*

(Decided April 10, 1906.   40 So. Rep. 574.)

1. *Appeal; Review; Harmless Error.*—An affidavit signed by a person not a party to the suit is not admissible, in the absence of proof that the defendant authorized the making of the affidavit, or that the signer acted for the defendant; but the admission of such an affidavit is harmless error where the evidence afterwards tended to show that defendant authorized or ratified the action of the person making it.

2. *Malicious Prosecution; Evidence; Termination of Prosecution; Grand Jury Docket; Admissibility.*—The entries upon the grand jury docket showing their action in the criminal prosecution, were admissible as tending to show a termination of the prosecution.

3. *Criminal Law; Affidavit; Sufficiency.*—An affidavit as the basis of a criminal prosecution, that fails to aver that the affiant had probable cause for believing that the offense had been committeed, is void.

4. *Malicious Prosecution; Commencement of Prosecution; Ratification.*—A person who either authorized or ratified the act of another in making a void affidavit, as the basis of a criminal prosecution, is liable in an action of malicious prosecution.

5. *Same; Defenses; Guilt of Plaintiff.*—In malicious prosecution and false imprisonment, based on a void affidavit, the defendant may show in mitigation of damages under the false imprisonment count, and in justification of the count for malicious prosecution, that the defendant was guilty of the charge preferred.

6. *Larceny; Property Subject; Mortgages.*—Mortgages may be the subject of larceny under Code 1896, Secs. 5049, 5050 and 2.

7. *Malicious Prosecution; Evidence; Directing Verdict.*—Where there was evidence tending to show that the defendant neither authorized the making of the affidavit nor ratified the action of the person making it, the affirmative charge for the plaintiff was improper, although the affidavit was void, and the arrest of the plaintiff was unlawful.

8. *Same; Defenses; Advice of Counsel.*—When one submits all the facts to an attorney and instituted the prosecution upon his

43

advice, it is a complete defense to an action for malicious prosecution.

9. *Same; Liability; Acquiescence.*—A person who merely acquiescences by silence in the commencement of a prosecution cannot be liable for malicious prosecution.

10. *False Imprisonment; Damages; Mental Suffering.*—Mental suffering is an element of damages in an action for false imprisonment.

APPEAL from Walker Circuit Court.

Heard before HON. A. H. ALSTON.

This was an action brought by the appellee against appellant for malicious prosecution and false imprisonment. Counts 1 and 2 are laid for malicious prosecution; count 3 for false imprisonment. The court permitted the affidavit and warrant by which prosecution was begun against appellee to be introduced in evidence over the objection of appellant. The affidavit was made by one Chambers, and failed to allege probable cause for believing that an offense had been committed. Later on in the trial the plaintiff introduced W. D. Sims, her husband, who testified that, soon after plaintiff was arrested, the defendant, Shannon, came to the jail with the sheriff, and while there witness had some words with defendant about the defendant's having his wife arrested, and that defendant replied that if she had not stolen the mortgage, she would not have been arrested. The plaintiff was allowed, over the objection of defendant, to introduce the grand jury docket, showing an investigation of the case against plaintiff for stealing the mortgage. The bill of exceptions does not show just what was on said docket.

The court, at the request of the plaintiff, gave the following charges: (1) "If the jury believe the evidence, you must find for the plaintiff." Charge 4: "I charge you that you are not to consider whether or not plaintiff stole the alleged mortgage for $1,900." Charge 5: "If you are reasonably satisfied from the evidence that Chambers swore out the warrant as the representative or agent of Shannon, and the facts were made known to Shannon, and he acquiesced in Chambers' act, I charge you that he thereby ratified the act of Chambers."

The defendant requested the court to give the following charges, which were refused: Charge A: "I charge you, gentlemen of the jury, that there is no evidence before you that the plaintiff suffered any actual damages by reason of the making of the affidavit by Chambers and her arrest on the warrant issued thereon." Charge D, the general affirmative charge. Charges E, F, and G required a finding for the defendant as to counts 1, 2 and 3, if the jury believed the evidence.

There was a motion for a new trial which was denied. There was a verdict and judgment for the plaintiff.

W. C. DAVIS and A. F. FITE, for appellant.—The introduction of the affidavit was error as also was the admission of the grand jury docket. The affidavit was void.— *Higgs v. The State,* 113 Ala. 38. The mortgage was the subject of larceny.—*Hall & Farley v. Ala. Terminal Co.,* 39 So. 285; §§ 5049-5050 and 2; *Kennedy v. Smith,* 99 Ala. 83; *Inzer v. Hunt,* 76 Ala. 595. No ratification being shown and it further appearing that the warrant was issued on advice of counsel, charge 1 given for plaintiff was erroneous.—*Bates v. Harte,* 124 Ala. 427; *Bomar v. Rosser,* 123 Ala. 641; *Bufford v. Rainey,* 122 Ala. 565; *L. & N. v. Lancaster,* 121 Ala. 471. Charge B should have been given.—*Rich v. McInery,* 103 Ala. 357. Charge C, requested by appellant, should have been given.— *Steed v. Knowles,* 79 Ala. 446; *O'Neil v. McKinna,* 116 Ala. 620; *McLeod v. McLeod,* 73 Ala. 42; *National Surety Co. v. Mabry,* 139 Ala. 217; *Southern Express Co. v. Couch,* 133 Ala. 285. Charge E, requested by appellant, should have been given.—*Southern Car Co. v. Adams,* 131 Ala. 147; *Loeb v. Shelby Iron Works,* 97 Ala. 626.

D. A. McGREGOR and BANKHEAD & BANKHEAD, for appellee.—No brief came to the reporter.

ANDERSON, J.—This case seems to have been tried on three counts; the first two being for a malicious prosecution, and the third for false imprisonment. The affidavit introduced in evidence seems to have been made by

one Chambers, who is not a party to the suit, and was prematurely admitted against this defendant, because it was not shown that he authorized Chambers to make it or subsequently ratified his doing so, and defendant's objection to the introduction should have been sustained. The error of the court, however, was cured by evidence subsequently introduced by plaintiff, tending to show that defendant either authorized or ratified the action of Chambers. The defendant and Chambers both denied authorization or ratification; but there was evidence of defendant's conversation with plaintiff's husband at the jail, from which the jury could have inferred that he authorized or ratified the making of the affidavit.

The plaintiff had the right to show in support of her case that the prosecution had terminated, and if the grand jury docket showed an investigation and "No bill," or an investigation and that the cause had not been continued for further investigation, these recitals would be good evidence of a termination of the prosecution favorably to the plaintiff. As the bill of exceptions is not clear as to just what was in the grand jury docket, we need not determine whether there was reversible error committed in this respect or not, as the case must be reversed on other propositions.

As the letters and accounts were subsequently excluded, we need not consider the objection to their introduction.

The affidavit made by Chambers was void, in that it did not aver "probable cause for believing" that an offense had been committed.—*Monroe v. State,* 137 Ala. 88, 34 South. 382 . And if defendant authorized it or ratified the arrest of plaintiff he would be liable under the last count. While the affidavit was void, the warrant under which plaintiff was arrested was valid on its face. The authorities are somewhat at variance as to the rule in such a case, and some fail to draw a distinction between the liability of persons procuring an arrest upon process illegal and irregular and the officer who makes the arrest under a warrant valid on its face, but issued on a void affidavit. We think the true rule to be that a

[Shannon v. Simms.]

process may be void so far as the parties originating and issuing the same are concerned, while at the same time it may be a good precept for the officer serving it.—*Sava-cool v. Boughton*, 21 Am. Dec. 190, and note. The defendant had the right, however, to show that plaintiff had committed the offense which the affidavit attempted to charge in mitigation of damages under the false imprisonment count and as a bar to a recovery to the counts for malicious prosecution.

The trial court seems to have sustained the objection to the mortgage upon the idea that it was not the subject of larceny and in this we think the court erred, as a proper predicate had been laid for the introduction of a copy. §§ 5049 and 5050 of the code of 1896, in defiining larceny, include "any personal property." § 2 of the code of 1896 says: "The words 'personal property' include money, goods, chattels, things in action and evidences of debt, deeds and conveyances." It was held in the case of *Hall & Farley v. Alabama Co.*, (Ala.) 39 South. 287, that choses in action were, under our statute, personal property.

The trial court erred in giving charge 1, the general affirmative charge for the plaintiff. Notwithstanding the affidavit was void, and the arrest of plaintiff was unlawful, the plaintiff was not entitled to the affirmative charge under the third count, because the evidence of Chambers and defendant both showed that the defendant neither authorized nor ratified the affidavit, and this was only contradicted by the inference to be drawn from defendant's conversation at the jail with the plaintiff's husband. For these reasons plaintiff was not entitled to the affirmative charge under the other two counts, and for the additional reason that there was evidence that Chambers had fairly submitted all the facts to the solicitor and did not make the affidavit except upon his advice. We have repeatedly held that such facts constitute a complete defense to an action for malicious prosecution.— *O'Neil v. McKinna*, 116 Ala. 620, 22 South. 905; *McLeod v. McLeod*, 73 Ala. 42; *National Surety Co. v. Mabry*, 139 Ala. 217, 35 South. 698; *Sou. Express Co. v. Couch*, 133 Ala. 285, 32 South. 167.

The court erred in giving charge 4, requested by the plaintiff. If plaintiff stole the mortgage, it was a good defense to the first two counts.

The trial court erred in giving charge 5 requested by the plaintiff. It fixed the liability of the defendant for the action of Chambers by a mere acquiescence, which could have been by silence, yet which would not be a ratification of the act of Chambers, unless he affirmatively ratified the commencement of the prosecution.

Charge A, requested by the defendant, was properly refused. Mental suffering proximately caused by the injury is an element of actual damage. The evidence showed that plaintiff was arrested and had to give bond, and the jury could infer mental suffering therefrom as a natural and proximate result.

The trial court committed no error in refusing the general affirmative charge requested by the defendant. If the defendant was entitled to the affirmative charge on any of the counts, which we do not hold, they were properly refused as being in bad form.—*Bessemer Liquor Co. v. Tillman*, 139 Ala. 462, 36 South. 40.

The judgment of the circuit court is reversed, and the cause remanded.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.