# Abingdon Mills *v.* Grogan.

## *Malicious Prosecution.*

(Decided May 10, 1910. 52 South. 596.)

1. *Malicious Prosecution; Complaint.*—Where the action was against a corporation for malicious prosecution in which it was charged that the prosecution was instituted by the corporation, the Code form for such action is sufficient, as it applies to corporations as well as persons, and the complaint need not allege that the act was done by the defendant through its agents or its servants acting within the scope of their authority, or set forth the name of such agent.

2. *Same; Evidence.*—Where the original charge was enticing laborers from the defendant's mill, and the action for malicious prosecution was based on said charge, it was competent for the defendant to show under the general issue that before the affidavit for his arrest was made, the defendant consulted a reputable attorney and made a full and fair statement of the facts to such attorney tending to show plaintiff's guilt.

3. *Same.*—In an action for malicious prosecution it was competent to introduce the grand jury's docket showing no bill as tending to show the termination of the prosecution.

4. *Same; Identity of Prosecution.*—The numbers of the charges on the grand jury's docket were prima facie sufficient to identify the charges under investigation by the grand jury.

[Abingdon Mills v. Grogan.]

5. *Same; Probable Cause; Jury Question.*—In an action for malicious prosecution, upon the facts stated to the attorney being detailed in evidence, it became a question for the jury as to whether the defendant made a full and fair statement to an attorney before instituting the prosecution.

6. *Malicious Prosecution and False Imprisonment; Evidence.*— Where the action was against a corporation for malicious prosecution and false imprisonment on a charge of enticing defendant's employes away from its mill, the plaintiff was entitled to show that the deputy sheriff who arrested him was appointed at defendant's request in determining whether the deputy sheriff was acting as defendant's agent in arresting plaintiff, and not in his official capacity.

7. *Same; Defense; Advice of Attorney.*—Although the advice was not warranted by the facts stated the fact that prosecution was begun on the advice of a reputable practicing attorney given after a full and fair statement by plaintiff of all the facts known to him, or which he could have learned by proper diligence, was a defense to an action for malicious prosecution.

8. *Same; Instructions.*—In an action for malicious prosecution charges asserting that if the plaintiff offered certain of the defendant's employes higher wages if they would go into another city, knowing them to be defendant's employes at the time, this would be probable cause for his prosecution for enticing laborers, and this although some of defendant's employes had written letters indicating that they would like to go to such place to work, if plaintiff thereafter offered them higher wages or offered to pay their debts if they would go, he would be guilty of enticing them away, was properly refused as invasive of the province of the jury.

9 *Appeal and Error; Harmless Error; Evidence.*—The trial court will not be put in error for excluding all of the testimony, though no part of it was objected to, as being irrelevant or immaterial, where the part remaining after the exclusion of some because it was a conclusion, was immaterial and irrelevant.

10. *Same; Review; Necessity; Pleading.*—Where everything contained in special pleas was admissible under the general issue, which was interposed, the court will not decide on appeal whether or not it was error to sustain demurrer to such special plea.

11. *Evidence; Best and Secondary; Predicate.*—Although the degree of diligence in searching for the original document necessary to make secondary evidence thereof admissible depends largely upon circumstances of each case and the character of the document, yet every reasonable effort must be made to produce the original, and where the question was the introduction of secondary evidence as to the contents of an affidavit and warrant, a sufficient predicate was not laid where no effort was made to ascertain from any member of the grand jury in whose custody they were last known to be as to what had become of them, and the deputy sheriff stated that the grand jury returned some papers, but he did not know whether they included the affidavit and warrant, or whether the papers returned were given to him or to the clerk who was in the office at the time.

12. *Same; Conclusion.*—A witness cannot testify that he made a full and fair statement of the facts to an attorney before commenc-

ing the prosecution; he should state what facts were stated to the attorney, the conclusion being for the jury.

13. *Same; Declaration of Conspirator.*—Where a conspiracy is shown prima facie, acts or declarations of co-conspirators in connection with the furtherance of the common purpose become admissible; hence, in an action for malicious prosecution and false imprisonment based on a prosecution for enticing away defendant's laborers, where the evidence authorized a finding that C. and another conspired to entice away defendant's laborers, and that the plaintiff went to a certain place to co-operate with them for that purpose, it was competent to produce in evidence what C. told the witness as to what plaintiff came to such place for.

14. *Master and Servant; Enticing; Offense.*—In order for a conviction to be had for enticing away servants under section 6850, Code 1907, the servant or laborer enticed away must have been under a written contract of employment at the time.

15. *Same; Interference With Relation; Statutes.*—Statutes in pari materia must be construed so as to permit each to operate if that can be done without a violation of their plain intendment, and so construing section 6849 and 6850, Code 1907, it must be held that section 6849, applies to employes of a cotton mill and not merely to menials, the word, servant, being synonymous with the word laborer, as so used.

APPEAL from Madison Law and Equity Court.

Heard before Hon. TANCRED BETTS.

Action by A. R. Grogan against the Abingdon Mills. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint contained five counts, all of which were in Code form. Plea 4, to which demurrer was sustained, is as follows: "The affidavit for the arrest of the plaintiff was made by W. B. Sanders, and the arrest of the plaintiff was made by said Sanders as a deputy sheriff of Madison county, Alabama, and before making said affidavit and said arrest said Sanders made to James H. Pride, a reputable practicing attorney at law and solicitor, for Madison county, Alabama, a full and fair statement of all the facts tending to show that plaintiff was guilty, as said Sanders understood they would be shown by the evidence, and after such statement, and upon the advice of said Pride, said Sanders

in good faith instituted the prosecution by making affidavit as aforesaid."

The facts as made by the proof were that Grogan was connected with the Fulton Bag & Cotton Mills, of Atlanta, and came to Huntsville to go back with certain mill hands, employes of the Abingdon Mills, with whom one of the officers of the first-named mill had had correspondence relative to their going to Atlanta to become employes of the said Fulton Company. While at Huntsville, he was arrested by one Sanders, an employe of the Abingdon Mills, and also a deputy sheriff, on a warrant issued by one Vaught, a justice of the peace, charging him with enticing away laborers from the Abingdon Mills; the affidavit being made by Sanders. He was arrested and imprisoned for about 16 hours. The grand jury did not indict him for enticing away laborers, but did indict him for carrying on the business of immigration agent without license, of which charge he was acquitted. Humes, an attorney for the Abingdon Mills, and one of its stockholders, then dictated an affidavit, which was sworn to by Sanders, again charging Grogan with enticing away laborers, and he waived to the grand jury, and was not indicted. It seems that Brown, Herring, and Sanders were employes of the Abingdon Mills, in the situation of paymaster, assistant superintendent, and general utility man, in the order named. It seems that Maggie Clutch signed several of the letters written to the Fulton Mills, and that upon his arrival Grogan went out and had a conference with the said Maggie Clutch.

The plaintiff objected to that portion of the showing made for the witness Herring, which is as follows: "That said witness went with W. B. Sanders and Roy Brown to see James H. Pride, county solicitor, before plaintiff was arrested, and that they stated to said

[Abingdon Mills v. Grogan.]

Pride all the facts known to them relative to Grogan's trying to hire laborers and all the information they had about said matter, and asked Mr. Pride's advice, and that he advised that Grogan be arrested on a charge of enticing away laborers."

The following charges were refused the defendant, among others: "(8) If Grogan offered Couch or Anelton higher wages if they would go to Atlanta, knowing them to be employees of the Abingdon Mills, this would be probable cause for the prosecution of Grogan on the charge of enticing away labor. (9) Even though some of the employes of defendant may have written letters to Brown, in Atlanta, indicating that they would like to go to Atlanta, if thereafter Grogan came to Huntsville and offered them higher wages if they would go, or offered to pay their debts if they would go, this would make Grogan guilty of enticing them away."

PAUL SPEAKE, and COOPER & FOSTER, for appellant. The court erred in overruling demurrers to the complaint.—*Emerson v. Lowe Mfg. Co.,* 49 South. 69; 44 South. 627; 122 Ala. 212; 116 Ala. 634; 95 S. W. 794; 94 N. Y. S. 5417. The defendant's special pleas were sufficient.—*Brindley v. Schulz,* 102 N. W. 912. The court erred in admitting secondary evidence of the affidavit and warrant.—*O'Neal v. McKenna,* 116 Ala. 607; *Bloudin v. The State,* 102 Ala. 78. The entries on the grand jury docket were not legal or admissible evidence. The conversation with Herring after defendant was arrested, was immaterial and illegal. The evidence was prejudicial also.—*Ricketts v. B. St. Ry. Co.,* 85 Ala. 600; *H. B. L. & M. S. R. R. Co. v. Corpening,* 97 Ala. 681; *M. & C. R. R. Co. v. Wormack,* 84 Ala. 149; *Marks v. Hasting,* 101 Ala. There was evidence tending to show a conspiracy, and the statement of Maggie Clutch

was admissible, as she was shown to be a co-conspirator. *Crittenden v. The State,* 134 Ala. 145; 1 Greenl. sec.111. The fact that Sanders was appointed a deputy sheriff at the instance of the defendant was not admissible. The court erred in refusing charge 9.—6 Words & Phrases, 7651; 3 Words & Phr. 2410; *Gold v. The Sate,* 99 N. W. 541; *People v. Carrier,* 9 N. W. 487. The defendant was entitled to the affirmative charge as asked. *Fla. E. C. R. R. Co. v. Grove,* 46 South. 294; *Paris v. Stark,* 3 B. Monroe 4; Cooley on Torts, p. 323. When the facts are undisputed the question of probable cause becomes one for the court.—26 Cyc. 112; 4 Current Law, 495, and cases next above. As to what is probable cause, see: *Ritch v. McInnery,* 103 Ala. 357; *McDaniel v. King,* 48 South. 52; *Lunsford v. Deitrich,* 86 Ala. 250; *Sanders v. Davis,* 153 Ala. 375. If the plaintiff was in fact guilty, this is a defense.—*Whitehurst v. Ward,* 12 Ala. 264; *Shannon v. Sims,* 146 Ala. 678. Defendant was clearly guilty of enticing away the laborers under section 6849, and it was sufficient for the warrant to designate the offense by name.—Sec. 6703, Code 1907; *Brazzelton's Case,* 66 Ala. 96. Advice of counsel upon a full and fair statement of facts known to the prosecutor, or which by proper diligence he could have ascertained is a full defense to this action although the advice was erroneous, or was not warranted by the facts stated.—*Steed v. Knowles,* 79 Ala. 446; *Motes v. Bates,* 80 Ala. 382; *Jordan v. Al. G. S.,* 81 Ala. 220; *McLeod v. McLeod,* 73 Ala. 42; *O'Neal v. McKenna, supra; Nat. Sur. Co. v. Mabry,* 139 Ala. 221; *Shannon v. Sims, supra.*

M. H. LANIER, and TAYLOR & DRAKE, for appellee. The complaint was in Code form and hence sufficient as such forms apply to corporations as well as individ-

uals.—*Southern C. & F. Co. v. Adams*, 131 Ala. 147; *Nat. Sur. Co. v. Mabry*, 35 South. 678. It was not necessary to aver the name of the agent of the defendant.— *Bir R. L. & E. Co. v. City Stables*, 119 Ala. 615; *Lookout M. I. Co. v. Lee*, 144 Ala. 169; *Bessemer, etc., Co. v. Doak,* 44 South. 627. The defenses set up by the special pleas were available under the general issue, and hence, no harm resulted in sustaining demurrers to the pleas.—*Marks v. Hasting*, 101 Ala. 65; *O'Neal v. McKenna*, 116 Ala. 606; 13 Enc. P. & P. 458. A sufficient predicate was laid for the admission of secondary evidence.—*Marks v. Hasting, supra; Johnson v. Powell*, 30 Ala. 113; 17 Cyc. 551; *Sanders v. Tuscumbia R. & P. Co.*, 41 South. 982; *Baer v. Mobile C. Co.*, 49 South. 92. The jury docket entries were admissible in evidence. —*Shannon v. Sims*, 40 South. 574. The statement made by plaintiff to Herring at the office of the justice of the peace was admissible.—*Southern C. & F. Co. v. Adams*, 131 Ala. 147; *Lunsford v. Deitrich*, 93 Ala. 565. The court did not err in the refusal of the charges requested by the defendant. Mere resort to counsel as a cover for the prosecution is not available as a defense.—19 A. & E. Ency. of Law, 688; *McLeod v. McLeod,* 73 Ala. 42. The court did not err in its oral charge.—*Ham v. The State*, 47 South. 126; *Bir. R. L. & P. Co. v. Lee*, 45 South. 164.

ANDERSON, J.—Each of the counts of the complaint were for a malicious prosecution and were in Code form, and which said form applies to corporations as well as persons. The counts charged the corporation with the act complained of, and the averment that the prosecution was instituted by its agents was superfluous and unnecessary, as the act charged could have only been done through its agent or representa-

tive. It charges the corporation with instituting the prosecution, and in order for it to have been done by the corporation it must have appeared that the agent or representative was acting within the scope or line of his authority, and it was not necessary to aver that the agent or representative was so acting. Nor did the complaint have to aver the name of the agent or representative.—*Birmingham Ry. Co. v. City Stables Co.,* 119 Ala. 615, 24 South. 558, 72 Am. St. Rep. 955. The trial court did not err in overruling the demurrers to the complaint.

Whether the trial court did or did not err in sustaining the demurrer to plea 4 we need not decide, as the defendant could get the benefit of the matter there set up, under the general issue, which was pleaded and under which the defendant offered evidence of the facts set up in said plea 4.—*O'Neal v. McKinna,* 116 Ala. 620; 22 South. 905; *McLeod v. McLeod,* 73 Ala. 42; *Shannon v. Simms,* 146 Ala. 673, 40 South. 574; *Goldstein v. Drysdale,* 148 Ala. 486, 42 South. 744.

While no general rule can be laid down as to the degree of diligence to be used in making search for the original document, in order to lay a predicate for the introduction of secondary evidence of the contents thereof, it depending largely upon the circumstances of the case and the character of the document, yet it must be shown that every reasonable effort which would result in its production was made without avail.—*Sims v. State,* 155 Ala. 96, 46 South. 493; 1 Greenleaf on Evidence, 558; *O'Neal v. McKinna,* 116 Ala. 606, 22 South. 905; *Boulden v. State,* 102 Ala. 78, 15 South. 341; *Ala. Construction Co. v. Meador,* 143 Ala. 336, 39 South. 216. Applying the foregoing rule to the case at bar, we are of the opinion that the plaintiff did not lay a sufficient predicate of the loss of the af-

fidavits and warrants, and the trial court erred in permitting secondary evidence of their contents. They were last traced into the custody of the grand jury, and there was no effort to show by the foreman or any other member thereof what had become of same. Townes, a deputy clerk, said they returned some papers; but he did not know whether they returned all papers, or that the ones that were returned included the ones in question. He said, "Sometimes they do not turn over to the clerk all their papers." He also stated that Roper, the clerk, was in the office at the time, and he did not know whether the papers were turned over to the clerk or himself. They may have been turned over to Roper, or they may have been destroyed by the grand jury, or may still be in the custody of the foreman or some other member, or they may have been turned over to some one other than the deputy clerk Towns. We think the case of *O'Neal v. McKinna, supra*, is an authority in point against the sufficiency of the predicate attempted in the present case.

The entry in the grand jury docket showing no bill was properly admitted to show the termination of the prosecution, and the numbers were sufficient as prima facie evidence to identify the charge under investigation.—*Shannon v. Simms*, 146 Ala. 673, 40 South. 574.

The conversation between the plaintiff and "Herring" the night of the arrest was competent to show motive or malice, as it appeared from the evidence that Herring was at the time acting as defendant's superintendent, was, in fact, its alter ego.

There was evidence from which it could be inferred that "Maggie Clutch" and Brown, of the Fulton Bag & Cotton Mill of Atlanta, had conspired to entice away certain laborers of the defendant, that the plaintiff went to Huntsville for the purpose of co-operating

[Abingdon Mills v. Grogan.]

with them in the scheme, was closeted with said "Maggie Clutch" and became a party to said scheme, and which was a misdemeanor, if committed, and under section 6471 of the Code of 1907 can be the basis of a conspiracy. It is also a well-settled proposition of law that, when a prima facie conspiracy is established, any acts or declarations on the part of any of the co-conspirators in connection with and in furtherance of the common purpose may be shown in evidence. The trial court erred in not letting the witness James White tell what Maggie Clutch told him the plaintiff came to Huntsville for. Of course, the discussion of this question is entered into as a mere guide upon another trial and upon the theory that the secondary proof discloses the real affidavit. If the proper affidavit has been set out, then it must have been made under section 6849 of the Code of 1907. It does not aver that the laborers were under a written contract, and was not therefore made under section 6850 of the Code of 1907. We cannot agree with the contention of appellee's counsel that section 6849 has no application to employes of a cotton mill, but applies to menial servants only. The word "servant" is broad enough to cover laborers at a cotton mill, and we think, as used in said section, is synonymous with "laborer." It is true that section 6850 uses the words servant and laborer as well as others not mentioned in the preceding section, but we do not think that said last section prevents section 6849 from applying to "laborer" as included in the word "servant." The rule of construction is that, when statutes are in pari materia, they must be so construed as to give each a field of operation when it is possible to do so without doing violence to the language of either. The result is that section 6849 applies to apprentices and servants and which last word includes laborers,

whether under written contract or not, and fixes a fine of not less than $20 nor more than $100, and may be imprisoned for three months, but no part of the fine goes to the injured party. On the other hand, section 6850 relates to persons not included in section 6849 as well as servants therein included, provided they were under a written contract, fixes a different fine, and provides for indemnity to the injured party. The result is, when a servant is enticed away from his master, whether under a written contract or not, he can be convicted under section 6849 and punished accordingly; but, in order for him to be convicted and punished under section 6850, it must be averred and proven that the servant or laborer was under a written contract of employment.

There was no error in excluding so much of the Herring showing as was excluded by the trial court. Whether or not Herring made a full and fair statement of all the facts to solicitor Pride was a question for the jury.—*Goldstein's Case, supra.* In order for the jury to determine this question, the facts should have been detailed and the statement of Herring that he made full and fair statement was but a conclusion. It is insisted, however, that only a portion of the excluded evidence was a conclusion, and that the other part of the excluded evidence was not subject to the grounds of the motion, whether good evidence or not. With the conclusion excluded, the other part that went with it was irrelevant and immaterial, and the trial court will not be put in error for excluding it all. The rule that counsel for the appellant attempts to invoke applies to the sustaining of the court when the motion to exclude is overruled, and not to reversing the court for sustaining a motion to exclude.

There was no error in permitting the plaintiff to show that Sanders was appointed a deputy sheriff at

the instance and request of the defendant.  It is true, if he acted solely as a deputy, and not as the defendant's agent, the defendant would not be liable for his act; but the defendant's interest in getting him appointed might be a factor in determining whether or not he was acting as the defendant's agent rather than in the sole capacity of a deputy sheriff.

The trial court did not err in refusing the general charge requested by the defendant.  Whether or not the plaintiff was guilty of the offense with which he was charged was a question for the jury and not the court.  It is also true that if the prosecution was instituted on the advice of a reputable practicing attorney, given on a full and fair statement by the prosecutor of all the facts known to him, or which by proper diligence he could have ascertained, even though the advice was erroneous or was not warranted by the facts stated, there would be a complete defense to the action; but it was a question for the jury to determine whether or not Pride unequivocally advised the prosecution, and whether or not a full and fair statement was made to him.  Nor do we think the defendant was entitled to the general charge under the *Henry Case*, 139 Ala. 161, 34 South. 389—a case so generally misunderstood by the profession that it is often resorted to as a panacea for all corporate wrongs.

The trial court did not err in refusing charges 8 and 9, requested by the defendant.  If not otherwise bad, they invaded the province of the jury.

For the errors suggested, the judgment of the law and equity court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.