177 So. 353

### FULLER v. STATE.

#### 2 Div. 609.

Court of Appeals of Alabama.

Nov. 23, 1937.

D. M. Boswell, of Butler, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

177 So. 309

### MAULDIN v. STATE.

#### 4 Div. 311.

Court of Appeals of Alabama.
Nov. 23, 1937.

RICE, Judge.

█ If, indeed, as appears, the judge's bench notes on the former trial—the one made the basis of appellant's plea of former jeopardy—show that the jury, on that trial, was discharged, before reaching a verdict, with appellant's consent, his said plea was doomed, in its ultimate analysis, to futility.

So, while conceding technical error in the action of the trial court in granting the State's motion to strike appellant's said plea, it can "avail appellant nothing"; this for the reason, "as the matter appears to us, that the court knew its own records and therefore knew the plea could not be sustained—in fact, the method of arriving at the result being not of controlling importance." See Ex parte Spelce (Spelce et al. v. State) 212 Ala. 559, 103 So. 705.

█ The fact that the solicitor's name was printed on the indictment returned against defendant (appellant) rather than written was of no moment. It was really immaterial to the validity of the said indictment as to whether or not the solicitor's name was affixed to same at all. Hughes v. State, 213 Ala. 555, 105 So. 664.

█ "Burglary, like trespass, is an offense against the possession, and hence the test for the purpose of determining in whom the ownership of the premises should be laid in an indictment is not the title, but the occupancy or possession at the time the offense was committed. The ownership should be laid in the occupant at the time the offense was committed, unless the occupant is a mere servant." Adams v. State, 13 Ala.App. 330, 69 So. 357, 358.

█ The law, as just next hereinabove quoted, renders it apparent that there was no error in refusing to give the written charges (which were refused) requested by appellant.

Likewise, we can find no error in any ruling appearing to have been made anywhere in the proceedings leading to appellant's conviction; and the judgment is affirmed.

Affirmed.