·42 So.2d 254

**KEY v. DOZIER.**

**5 Div. 469.**

Supreme Court of Alabama.

June 30, 1949.

Rehearing Denied Oct. 20, 1949.

Wm. M. Russell and Harry D. Raymon, of Tuskegee, for appellants.

Wm. C. Hare and Henry Neill Segrest, of Tuskegee, for appellee.

STAKELY, Justice.

This is a suit brought by H. F. Dozier (appellee) against J. B. Key (appellant) for malicious prosecution. Trial of the case resulted in a verdict and judgment for the plaintiff for $2,000. Hence this appeal.

On December 30, 1947, J. B. Key caused a warrant to be issued for H. F. Dozier on a charge of burglary in the second degree. H. F. Dozier was arrested and made bond. The charge was investigated by the grand jury with the result that it made a return of "No bill" and the prosecution thereby ended.

Tendencies of the evidence showed that H. F. Dozier bought a parcel of land at Warrior Stand in Macon County, Alabama, from a Mrs. Reynolds in 1944 and about that time informed J. B. Key of his purchase. According to further tendencies of the evidence J. B. Key at the time asked him "how in the world he did it." This conversation took place, according to tendencies of the evidence near the home of J. B. Key which was directly across the road from the lot in question. According to H. F. Dozier he was put in possession of the lot by Charlie Perry, agent for Mrs. Reynolds in 1944.

On or about September 12, 1947, J. B. Key built a store on the foregoing property and put a stock of beans, apples, oranges etc. with a cash register in the building and locked the building. According to J. B.

Key he put $100 in the cash register. According to J. B. Key on December 28, 1947, H. F. Dozier broke into the building and removed various items belonging to J. B. Key and when he returned to the building his cash register was broken open and the $100 was missing therefrom.

According to H. F. Dozier, J. B. Key was present at the time he entered the store and was present when he removed the articles from the store to the porch of the home of J. B. Key across the road. The articles were some velvet beans, barbed wire, a piece of a sack of salt and a cash register which was closed. H. F. Dozier denied that he had broken into the cash register or taken any money from it.

Tendencies of the evidence showed that there had been a dispute as to who owned the parcel of land and who had been in possession of it and that H. F. Dozier tried to clarify the situation by having a survey of the property lines made after notifying J. B. Key and requesting him to be present when the lines were run. Tendencies of the evidence further showed that when H. F. Dozier learned of the building being constructed on the land, he requested J. B. Key to move the building to which J. B. Key responded by throwing a hammer at him and telling him to get off the land.

■ Assignments 1 and 3. There was no error in refusing to give charge B requested by the defendant and there was no error in refusing to give charge 4 requested by the defendant. It is sufficient to say that each charge is faulty in that it is a peremptory charge. Each charge is "without hypothesis, such as: 'If you believe the evidence.'" United States Fidelity & Guaranty Co. v. Miller, 235 Ala. 340, 179 So. 239, 241.

■ Assignment 2. There was no error in refusing charge 1 requested by the defendant. It is contended that the question of probable cause is one of law, which the court must decide. We agree that if the facts on the issue of probable cause are not in dispute, whether such facts amount to probable cause is a question of law for the court.—Brackin v. Reynolds, 239 Ala. 419, 194 So. 876. But it is equally true that if the facts or any necessary particular fact on the issue of probable cause is in dispute, then there must be a submission to the jury to find the facts.— Glidden Co. v. Laney, 234 Ala. 475, 175 So. 296; Molton Realty Co. v. Murchison, 212 Ala. 561, 103 So. 651; Green v. Norton, 233 Ala. 489, 172 So. 634; McMullen v. Daniel, 229 Ala. 194, 155 So. 687. And "as said in McLeod v. McLeod, 75 Ala. 483, 486: 'The question in such cases is not whether the accused was in fact guilty, but whether the prosecutor, acting in good faith, and on the reasonable appearance of things, entertained the reasonable belief of his guilt.'" Torian v. Ashford, 216 Ala. 85, 112 So. 418, 420.

■ We do not think that the court could say as a matter of law that the proof in the present case showed probable cause, because the facts from which the inference was to be drawn, were in dispute. Tendencies of the evidence showed that although the defendant had been informed of the purchase of the property by the plaintiff, without the plaintiff's knowledge or consent the defendant erected a building on the land, that when the plaintiff learned of the erection of the building, he immediately requested the defendant to move the building. Tendencies further showed that after a lengthy dispute, the plaintiff in the presence of the defendant entered the building in the daytime and removed the contents of the building therefrom and placed them, including the closed cash register, on the premises of the defendant across the road. Under the evidence it was at best from the defendant's standpoint an issue of disputed fact as to whether there was reasonable cause to believe that burglary had been committed by the plaintiff. In determining the propriety of the affirmative charge when requested by the defendant the evidence favorable to the plaintiff must be accepted as true.—Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355. Under tendencies of the evidence the jury had the right to infer that J. B. Key had no reasonable right to believe that H. F. Dozier broke into and entered the store to steal or to commit a felony, § 86, Title 14, Code of 1940, but rather that he was trying to take possession of his own property and attempt-

ing to remove the personal property of J. B. Key therefrom over to the premises of J. B. Key.

Assignments 4, 5 and 6. On cross examination of John Slaton, witness for plaintiff, who was the Justice of the Peace who issued the warrant, a number of questions were asked to which the court sustained objection. Two of the questions are as follows: "Did the solicitor call you about that warrant before the warrant was sworn out? Did Judge Raymon discuss with you the swearing out of this warrant?" It is argued that these rulings are erroneous because the defendant could show that he acted on the advice of counsel in swearing out the warrant. There was no error in these rulings. Discussion between the Justice of the Peace and the solicitor or Judge Raymon is not tantamount to consultation with counsel by the defendant. There was no proof that the defendant consulted counsel.—Abingdon Mills v. Grogan, 175 Ala. 247, 57 So. 42; Shannon v. Sims, 146 Ala. 673, 40 So. 574; Alabama Dry Docks & Shipbuilding Co. v. Bates, 33 Ala.App. 81, 30 So.2d 273.

Assignments 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 19, 20, 21 and 22. Over objection of the defendant the court admitted the testimony as to the title of the land on which the defendant constructed the building. The test for determining ownership of premises for purposes of indictment for burglary is not title, but occupancy or possession at the time the alleged offense was committed unless occupant is mere servant.—Fuller v. State, 28 Ala.App. 28, 177 So. 353. At various times in the trial and in the oral charge the court made it clear that the question of title was not an issue, but the purpose of admitting testimony as to land lines, deeds, etc., was to shed some light on the presence or absence of probable cause, that it was the province of the jury to find out who was in possession, that the offense was against possession and not against ownership. We think there was no error in these rulings.—Thorn v. Henry, 204 Ala. 546, 86 So. 466; Central Iron & Coal Co. v. Wright, 20 Ala.App. 82, 101 So. 815.

Assignments 17 and 24. There is no merit in these assignments of error. The refusal by the trial court to admit testimony of an indictment against plaintiff in Russell County in another matter was proper. It is true that evidence of the "general bad character of the accused in a case for malicious prosecution is admissible under the issue of probable cause vel non" and likewise "where a plaintiff in an action for malicious prosecution claims damages for injury to character or reputation, his general bad character may be shown in mitigation." Pittman et al. v. Johnson, 224 Ala. 291, 140 So. 371, 372. But mere proof that an indictment was found does not meet the requirements of the foregoing rule. An indictment is no more than an accusation. It proves neither guilty conduct nor conviction.—See 54 C.J.S., Malicious Prosecution, § 86, pages 1062-1063; Pittman et al v. Johnson, supra; Steele v. State, 83 Ala. 20, 3 So. 547; Gulsby v. Louisville & Nashville R. R. Co., 167 Ala. 122, 52 So. 392.

Assignments 26 and 27. It is insisted that the amount of the recovery is excessive and that the court was in error for this reason in overruling the motion for a new trial. There was no error in this regard. Tendencies of the evidence showed that the plaintiff was arrested on a charge of burglary in the second degree. He was forced to give bond. He was put to the expense of employing counsel and going to other expense in connection with the charge. His credit was injured, Bell v. Seals Piano & Organ Co., 201 Ala. 428, 78 So. 806, and he was caused to suffer humiliation and shame from the charge. Shannon v. Sims, 146 Ala. 673, 40 So. 574. The damages which the law allows in a case of this kind are both compensatory and punitive. The imposition of punitive damages must be left to the discretion of the jury, whose judgment will not be interfered with, unless the amount is so excessive as to show passion or prejudice or some other improper sentiment. Abingdon Mills v. Grogan, 175 Ala. 247, 57 So. 42; Powell v. Bingham, 239 Ala. 515, 196 So. 160, certiorari dismissed 29 Ala.App. 248, 196 So. 154. We cannot say that the jury was actuated by

passion or other improper motive. The trial court refused to set the verdict aside. We shall not disturb it. City of Mobile v. Reeves, 249 Ala. 488, 31 So.2d 688.

We find no merit in other assignments of error. The judgment of the lower court is due to be affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.