09 So.2d 475

## VINES v. STATE.

### 5 Div. 403.

Court of Appeals of Alabama.

Dec. 16, 1952.

Rehearing Denied Jan. 13, 1953.

Walter B. Venters, Opelika, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen. (Robt. P. Bradley, Montgomery, of counsel), for the State.

CARR, Presiding Judge.

The accused was indicted and convicted of the offense of burglary. The property alleged to have been burglarized is described as "the shop, store or warehouse of Opelika Creamery, Inc., a corporation."

■ The insistence is made that the indictment is defective. The word "good" appears instead of "goods." This apparent typographical error does not make the indictment void.

The appellant entered a plea of not guilty, without attempting to raise the question by appropriate demurrers.

We do not hold that it was a demurrable defect, but even so the plea to the merits had the effect of waiving the imperfection. Jordan v. State, 241 Ala. 125, 1 So.2d 591, 133 A.L.R. 1335; Allen v. State, 30 Ala. App. 147, 2 So.2d 320.

■ When the introduction of the testimony was concluded, appellant's attorney made a motion to exclude all of the state's evidence. He posed the ground that it had not been established by the proof that the property alleged to have been burglarized was owned by the Opelika Creamery, Inc., a corporation.

A witness testified that the business was owned by Mr. Whatley. However, it is undisputed in the evidence that the place burglarized was operated by the Opelika Creamery and known in that name.

■ Burglary in the second degree is an offense against possession and not necessarily ownership in the sense of legal title. Evans v. State, 34 Ala.App. 534, 41 So.2d 615; Fuller v. State, 28 Ala.App. 28, 177 So. 353.

Appellant's counsel complains or urges in brief that there were variances between the allegations in the indictment and the proof.

■ The request for the general affirmative charge was refused, but counsel did not in any manner call the attention of the trial judge to the variances. This was a noncompliance with Circuit Court Rule 34, Title 7, Appendix, Code 1940.

After the commission of the offense the accused made a detailed confession which was reduced to writing.

At the trial the appellant did not deny that he made the statement, but he claimed that it was made under duress of fear of physical violence. He testified in effect that one of the officers slapped him.

In this aspect of the evidence there was an irreconcilable conflict. The officers testified that no such treatment was imposed. They stated that the defendant voluntarily came to them and expressed a desire to make a full and complete disclosure of his commission of the crime.

■ It is a legal truism that, prima facie, confessions are involuntary. Unless the circumstances attending the confessions clearly disclose their voluntary character, there must be evidence addressed to the presiding judge which will rebut the presumption of the involuntariness.

■ It often arises, as in the case at bar, that there is a conflict in the evidence relating to the voluntary character of a confession. Under such circumstances the conflicting factual controversy is addressed

to the court for decision. If he decides that the confession was voluntarily made and admits the statement, his holding is entitled to great weight on review by the appellate court. His conclusion will not be disturbed unless it appears that it is palpably contrary to the weight of the evidence. Vernon v. State, 239 Ala. 593, 196 So. 96; Rutland v. State, 31 Ala.App. 43, 11 So.2d 768; Cook v. State, 16 Ala.App. 390, 78 So. 306.

Applying this rule in the instant case we are clear to the conclusion that the ruling of the court below should not be disturbed.

We have attempted to respond to each presented question which merits any discussion.

The judgment of the circuit court is due to be affirmed. It is so ordered.

Affirmed.