122 So.2d 914

DeWayne N. MORRIS

v.

STATE of Alabama, on Information of Herman S. BURGE.

6 Div. 574.

Supreme Court of Alabama.

July 14, 1960.

Rehearing Denied Sept. 15, 1960.

Marvin Cherner, Birmingham, for appellee.

MacDonald Gallion, Atty. Gen., Guy Sparks, Sp. Asst. Atty. Gen., and Wm. H. Burton, Asst. Atty. Gen., for appellant.

LIVINGSTON, Chief Justice.

The trial court in a quo warranto proceeding entered the order here appealed from ousting appellant "from the office of member of the Jefferson County Board of Equalization, and ordered and directed (appellant) not to perform the duties and functions of said office."

It is clear from the pleadings in the cause that the order appealed from was entered due to the failure of appellant to allege and prove that he had been a resident of Jefferson County for a period of

five years prior to his appointment to the office of member of the Jefferson County Board of Equalization as required by Sec. 88, Title 51, Code of Alabama 1940. Indeed, appellee does not contend that appellant is not qualified to hold the office or that there was any irregularity in the manner of his appointment save and except the one alleged defect with respect to the residence requirement.

Sec. 88, Title 51, Code of Alabama 1940, reads as follows:

"There shall be in each county in the State of Alabama, a county board of equalization, to consist of three members, each of whom shall have been a resident of the county for at least *five years* in which he is to serve. The members of the several county boards of equalization as now constituted, shall hold office until their successors are appointed and qualified under the provisions of the next succeeding section, and shall have the powers and perform the duties provided for in this article." (Emphasis supplied.)

The next succeeding section (Sec. 89, Tit. 51, Code of 1940) provides that the nominees for appointment to the board of equalization during the month of August, 1943, and each fourth year thereafter shall be "residents of the county and who are each owners of taxable property which is located within this state and who are each qualified electors in said county * * *."

In construing statutes, it is our duty to examine the legislative history in order to ascertain the true intent of the lawmaking body. The law creating boards of equalization was passed at the 1939 Session of the Legislature (Act No. 143, Acts of Alabama 1939, p. 178, approved March 15, 1939.). Sec. 1 of that Act provides:

"There is hereby created in each County in the State of Alabama, a County Board of Equalization, to consist of three members, each of whom

shall have been a resident of the County for at least five years in which he is to serve."

Sec. 2 of that Act required that the nominating and appointing authorities within thirty days after passage proceed with the nomination and appointment to membership on the boards in each county and set forth the number of members, the qualifications for members, prescribed the method for nominating persons, and expressly stated that the tenure of office for such appointees should expire on September 30, 1943.

Sec. 3 of the Act again sets forth the number of members, qualifications, membership, prescribes the method for nominating persons, and prescribes the tenure of office of such persons appointed "during the month of August 1943, and during the month of August of each fourth year thereafter."

In general, Sec. 2 (dealing with the original boards), and Sec. 3 (dealing with boards appointed in 1943 and every fourth year thereafter) read the same in most of their provisions, but in at least three material respects they differ.

Members appointed to the original boards under Sec. 2 were required to own taxable property in the county of their residence, whereas members to serve on boards appointed pursuant to Sec. 3 were required only to own taxable property within the state at large.

Secondly, under Sec. 2, each municipality within a county was allowed to submit the names of three persons to the appointing authority, whereas Sec. 3 provided that only the largest municipality would be allowed to submit the names of three persons to the appointing authority, other incorporated municipalities being limited to the submission of only one name.

Thirdly,—and the real question to be here resolved—Sec. 2 specifically required of persons to be appointed to membership on the original boards five years' residence,

in the county, but Sec. 3, while requiring that persons appointed be residents of the county, makes no mention of the length of such residence unless it can be said that by requiring a member to be a qualified elector of the county at least six months' residence is a prequisite to membership.

When the bill which was to result in Act No. 143, Acts of Alabama 1939, p. 178, was being considered by the Senate, Sec. 1, Sec. 2 and Sec. 3 provided that members of the boards of equalization should be residents of the county, and no period of residence was specifically set forth in any of the three sections. By amendment (see Alabama Senate Journals 1939, p. 500), Sec. 1 was amended so as to require five years' residence in the county. Certainly if it be, as now contended by the appellee, that the amendment of Sec. 1 with regard to length of residence, is controlling as to all boards, original boards, and those set up in August, 1943, and each fourth year thereafter, then the bill would have required no further amendment in this regard. But the Senate went further and amended Sec. 2, which dealt with the original boards, and once again by amendment specifically required five years' residence in the county. We cannot assume that the failure of the Senate to amend Sec. 3 (dealing with boards created in August, 1943, and each fourth year thereafter) to require specifically five years' residence was a mere oversight, since as we have heretofore pointed out the section dealing with the original boards, Sec. 2, and Sec. 3, dealing with the boards created in August, 1943, and each fourth year thereafter, differ materially in at least three major instances.

We come now to the action of the legislature in codifying the 1939 Act. The reports from the Minutes of the Code Committee to the legislature on the Alabama Code of 1940 (see page 526), discloses no intent on the part of the legislature to change the original intent of the 1939 Act, but since the original boards at the time of codification had already been appointed pursuant to Secs. 1 and 2 of the 1939 Act, it was necessary to rewrite these sections to preserve the original boards since their tenure of office still had some years to run. This, the legislature did by rewriting Secs. 1 and 2 of the 1939 Act into what is now Title 51, Sec. 88. And the specific language of that section requires that "the members of the several county boards of equalization as now constituted, shall hold office until their successors are appointed and qualified under the provisions of the next succeeding section, * * *." So viewed, Sec. 88, Title 51, Code of Alabama 1940, at the time of the adoption of the Code had a field of operation. Donoghue v. Bunkley, 247 Ala. 423, 25 So.2d 61; Abingdon Mills v. Grogan, 167 Ala. 146, 52 So. 596; Jackson Securities & Investment Co. v. State, 241 Ala. 288, 2 So.2d 760.

We think it important to here note that by the specific language of Sec. 89, Title 51, Code of 1940, it could not have any field of operation until the month of August, 1943, and that the section is complete in setting up the boards, the number of members, the manner in which they are to be appointed, the manner in which they are to be nominated, and fixes their tenure of office. We think it to be a strained construction to adopt the contention of appellee that in following the provisions of Sec. 89, the appointing authorities are required to go back to Sec. 88 for the resident requirement, when as we have heretofore noted the specific language of Sec. 88 stated that the several boards of equalization should hold office until their successors are appointed and qualified under the provisions of the next succeeding section.

The Senate failed to amend Sec. 3 of the 1939 Act dealing with boards appointed in August, 1943, and each fourth year thereafter, so as to require five years' residence. Indeed, during that same legislative session, Sec. 3 of the 1939 Act was amended subsequently by Act No. 531, Acts of Alabama 1939, p. 827, in respects not here material, but they again failed to

require the five-year residence. Once again, the Code Committee and the legislature in rewriting Secs. 1 and 2 of the Act of 1939 as Sec. 88, Title 51, Code of Alabama 1940, and in bringing forward Act No. 531, Acts of Alabama 1939, p. 827, as Sec. 89, Title 51, Code of Alabama 1940, failed to incorporate any provisions requiring five years' residence for boards created during August 1943, and each fourth year thereafter. To adopt the argument urged by appellee here would require this court to make an amendment of Sec. 89, Title 51, which the legislature on at least three occasions has failed to do. This, we cannot do.

Reversed and remanded.

LAWSON, SIMPSON and MERRILL, JJ., concur.