226 So.2d 95

**Jack Huston IVEY**

v.

**STATE.**

**7 Div. 944.**

Court of Appeals of Alabama.

Aug. 19, 1969.

H. Wayne Love, Burnham, Klinefelter & Halsey, Anniston, for appellant.

MacDonald Gallion, Atty. Gen., Richard F. Calhoun, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The accused was indicted and convicted of the offense of burglary in the second degree, and was sentenced to the penitentiary for one year and one day.

The State's evidence tends to show that at approximately 11:45 p. m., on February 29, 1968, two Anniston police officers saw defendant and one Bayless coming out of a store operated by W. L. Walker in the Saks community of Calhoun County. Bayless was carrying two pillow cases and defendant was carrying one pillow case.

Upon the officer's stopping the patrol car defendant and Bayless threw the pillow cases down and ran away. The pillow cases were found to be full of groceries and merchandise which, by special marking, was identified by Mr. Walker as having been taken from his store.

Mr. Walker testified he was engaged in the business of operating a grocery store in which he carried a general line of groceries and merchandise. He closed his store and locked it at 6:30 the 29th of February, 1968. Later that night the store was broken into by the use of "some kind of flat instrument, like a wrecking bar, pushed in between the door and the facing and prized the door back far enough where the latch would disengage the catch." Mr. Leonard Gay was the owner of the building in which his store was located.

The defendant testified that on the day in question he had been in an automobile accident and had gone to the hospital. Upon leaving the hospital he went to a friend's house, where he met Larry Bayless. Bayless asked defendant to drive him home. When they reached the Saks community the car quit running. Defendant and Bayless started walking to the store to call a friend, with Bayless walking ahead of defendant. Before reaching the building Bayless went out of defendant's sight. When defendant turned the corner of the building he saw Bayless with the sacks in his hand. At this time the police arrived.

The evidence presented questions for the jury to determine and was sufficient to support the verdict. The general affirmative charge was properly refused.

The proof showed the building was occupied by Mr. Walker as a store. It was immaterial who was the owner of the building. Hale v. State, 122 Ala. 85, 26 So. 236; Vines v. State, 37 Ala.App. 22, 69 So.2d 475; Childs v. State, 43 Ala.App. 529, 194 So.2d 861. There was no error in refusing the defendant's motion to exclude the State's evidence.

We find no reversible error in the record. The Judgment of Conviction is hereby Affirmed.

Affirmed.