JOSEPH J. MULLINS, Retired Circuit Judge.
The grand jury of Mobile County returned an indictment against the appellant, Elijah Nicholson, charging him with burglary second degree. Appellant entered a plea of not guilty. A jury found the appellant guilty of burglary in the second degree. The trial court duly sentenced the appellant to eight years imprisonment in the penitentiary, and the appellant appeals to this Court.
The appellant was at all proceedings in the trial court represented by court appointed counsel, and is so represented in this Court. This appeal was submitted to this Court on brief of appellee and on letter of no merits of appellant.
At the conclusion of State’s evidence, the appellant made a motion to exclude State’s evidence on the grounds that the indictment stated it was the store building of St. Stephens Drugs, Incorporated, a corporation that was broken and entered, and the *1143 proof is that the drug store is a corporation that does not own the store building.
State’s witness, Mr. Clifford Smith, testified in substance the following: That St. Stephens Drugs, Incorporated, a corporation, was a legally formed corporation; that he is the president of the company; that there were several other businesses in the building but they were all partitioned off; that none of the other businesses in the building had access to the room that was broken into; that Mr. Lewis Smith owned the building and that St. Stephens Drugs, Incorporated, a corporation, had no interest in the building besides just renting that part it occupied; that the drug store was the only occupant of the part of the store building broken into; that all entrances into the drug store and storage room were securely locked; that the door of the store room was broken into.
State further presented other evidence that fully sustains the jury’s verdict finding the appellant guilty of burglary in the second degree.
We hold that the motion of appellant to exclude State’s evidence on the grounds that St. Stephens Drugs, Incorporated, a corporation, was not the owner of the building broken into is not well taken. Burglary is an offense against possession or occupancy of a building, and the test for determining ownership of premises for purpose of indictment is not title to the property broken and entered, but is occupancy or possession at the time the offense was committed, unless the occupant is a mere servant. Key v. Dozier, 252 Ala. 631, 42 So.2d 254; Hamilton v. State, 283 Ala. 540, 219 So.2d 369, cert. denied, 396 U.S. 868, 90 S.Ct. 134, 24 L.Ed.2d 121; Ivey v. State, 45 Ala.App. 101, 226 So.2d 95; Quinn v. State, 39 Ala.App. 107, 95 So.2d 273; Fuller v. State, 28 Ala.App. 28, 177 So. 353.
We have searched the entire record for errors prejudicial to the appellant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.