HOUSTON, Justice.
Fairy Gordon filed a malicious prosecution action against Dowdle Gas Company, Inc. (“Dowdle”). The trial court granted Dowdle’s motion for a directed verdict after Ms. Gordon had presented her case and had rested. Post-judgment motions were denied pursuant to Rule 59.1, A.R.Civ.P. Ms. Gordon appeals.
Did the trial court err in directing a verdict against Ms. Gordon?
To resolve this issue, we must determine whether there was substantial evidence of a lack of probable cause to have Ms. Gordon prosecuted on a charge of negotiating worthless instruments. Could reasonable and fair-minded persons exercising impartial judgment conclude that there was no probable cause for Dowdle to initiate a criminal action against Ms. Gordon? Thomas v. Principal Financial Group, 566 So.2d 735 (Ala.1990).
Dowdle contends that the facts as they relate to the issue of probable cause are undisputed (Ms. Gordon wrote two checks on an account that had been closed before she wrote the checks) and that, therefore, the question of whether this undisputed fact constituted probable cause for Dowdle to initiate the criminal action is one of law for the court and not one of fact for the jury to decide. Gulf States Paper Corp. v. Hawkins, 444 So.2d 381 (Ala.1983); Hanson v. Couch, 360 So.2d 942 (Ala.1978); S.S. Kresge Co. v. Ruby, 348 So.2d 484 (Ala.1977); Key v. Dozier, 252 Ala. 631, 42 So.2d 254 (1949).
Ms. Gordon’s account had been closed for over a year when she wrote the two checks to Dowdle. The checks were returned to Dowdle with this notation: “Closed account, insufficient funds. Do not present as cash.” Fourteen months before she wrote the checks to Dowdle, Ms. Gordon had “picked up” eight checks written on the account that had been returned to the payee by the bank unpaid. During this 14-month period, she had made no deposits to the bank account on which she wrote the checks. After Ms. Gordon admitted that she was worried about the checks “bouncing,” she gave the following testimony:
“Q. Because you didn’t have an account? [In response to Ms. Gordon’s previous answer, T was worried then about the check bouncing.’]
“A. [Ms. Gordon] Because I didn’t had [sic] enough money in the bank to cover the check.
“Q. You had not had any in there for fourteen months.
*610 “A. But yet and still, whether I had in there or not, didn’t I pick the check up? Didn’t I make the checks good?
“Q. That’s what this is all about, Ms. Gordon.
“A. Didn’t I make the checks good?”
Alabama Code 1975, § 13A-9-13.1, provides, in pertinent part:
“(a) A person commits the crime of negotiating a worthless negotiable instrument if he negotiates or delivers a negotiable instrument for a thing of value and with the intent, knowledge or expectation that it will not be honored by the drawee.
“(b) For the purposes of this section, it is prima facie evidence that the maker or drawer intended, knew or expected that the instrument would not be honored if:
“(1) The maker or drawer had no such account with the drawee at the time the negotiable instrument was negotiated or delivered.... ”
Ms. Gordon had had no account with the drawee bank for 14 months before the checks for heating fuel were negotiated and delivered to Dowdle. Therefore, all reasonable and fair-minded persons exercising impartial judgment must reach the conclusion that there was probable cause for' Dowdle to initiate a criminal proceeding against Ms. Gordon under § 13A-9-13.1 and that probable cause was not an issue for the trier of fact. The trial court did not err in directing a verdict for Dowdle.
Ms. Gordon’s most competent lawyer makes a valiant effort to show why “probable cause” was a jury issue. However, after carefully reviewing each step of his argument and after weighing his arguments against the policy decision previously made and hereby reaffirmed by this Court that malicious prosecution actions are not favored in the law (Eidson v. Olin Corp., 527 So.2d 1283 (Ala. 1988); Evans v. Alabama Professional Health Consultants, Inc., 474 So.2d 86 (Ala.1985); Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555 (1959); and Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479 (1924)), we affirm the judgment based on the directed verdict.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.