234 So.2d 590

**FORD INSURANCE & REAL ESTATE COMPANY, Inc., a Corporation,**

v.

**N. C. THRASHER.**

**7 Div. 13, 13–A.**

Court of Civil Appeals of Alabama.

March 25, 1970.

Rehearing Denied April 15, 1970.

Rains, Rains & McCurley, Gadsden, for appellant.

J. Richard Carr, Gadsden, for appellee and cross-appellant.

594

BRADLEY, Judge.

This is an action for malicious prosecution in the Circuit Court of Etowah County, Alabama. The malicious prosecution case came about as the result of a suit in the Etowah County Court being terminated in favor of appellee. The proceeding in the County Court sought a recovery for an unpaid premium on a homeowner's policy of insurance.

The malicious prosecution action resulted in a verdict for plaintiff in the amount of $8,000.00. Judgment was entered by the court accordingly, and the defendant asked for a new trial.

. . The trial court denied the motion, provided plaintiff would remit $4,000.00 of the original $8,000.00 judgment.

Defendant appealed to the Supreme Court the adverse judgment on the merits and the order denying his motion for a new trial. The plaintiff cross appealed the order forcing him to accept a remittitur.

The testimony revealed that R. B. Ford operated Ford Insurance and Real Estate Company, Inc. in Gadsden, Alabama, and that he was the insurance agent for appellee's home and automobile insurance and had been for about three years.

The appellee testified that he discussed with Mr. Ford, sometime prior to January 1967, the question of automobile insurance for his son, who was in the Navy at the time. · The appellee stated that he was told by Mr. Ford that the insurance could not be issued by him on the son's car. But that Ford would assist in placing the insurance with another agency. · ·

The appellee further testified that he told Ford that he wanted "all his insurance together," and would not renew his homeowner's insurance policy. Ford denied this conversation occurred.

Shortly before the expiration of the original homeowner's policy, a renewal policy was mailed to the appellee.

After five months and no payment having been received thereon, the homeowner's policy was cancelled, and the collection of the debt incurred thereby was turned over to Ford's attorneys for collection.

Attempts were made to collect the $19.00 debt, but appellee's reply to these efforts was, "I don't owe it."

Later, suit was filed in the Etowah County Court by appellant to collect the debt. There was a judgment for appellee, and he then filed this action for malicious prosecution.

There was testimony by an employee of a credit bureau in Gadsden, Alabama that his firm distributed a bulletin to about 275 subscribers, mostly business firms, and this bulletin contained among other things, each collection suit filed in the courthouse; but that no followup was published unless there was a judgment in the collection suit.

While the action was pending in the County Court, appellee contacted a man named Bolin, a builder and remodeler of homes, about adding two rooms and a bath to his house, which was estimated to cost about $7,000 to $8,000.

Bolin obtained a credit report on appellee, and after seeing the collection suit thereon, declined to go forward with the house work.

Bolin further testified that appellee could not have obtained credit in the face of this credit report, although he stated he made no contacts to see if he could obtain financing for appellee. He also testified that appellee's credit was good both before and after this incident.

Appellee then stated that this was the first time he had ever been turned down when seeking credit.

There were eleven assignments of error, but inasmuch as we believe that assignment of error five—overruling the motion for new trial—will be dispositive of this appeal, we will write to it only.

Ground one of the motion for new trial alleges that the jury's verdict was contrary to the evidence presented to them, and therefore erroneous.

■ To succeed in an action for malicious prosecution the averments and proofs must show: (1) a judicial proceeding; (2) that it. was instigated by the defendant; (3) want of probable cause; (4) malice; (5) the termination of the judicial proceeding favorably to the plaintiff; and (6) damages. Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555.

Since we feel that appellee failed to prove want of probable cause, we will consider the law on that point only.

■ The burden is cast on the plaintiff to bring in evidence of want of probable cause. Brackin v. Reynolds, 239 Ala. 419, 194 So. 876. On the issue of proof of want of probable cause, the Court of Appeals said in Crim v. Crim, 39 Ala.App. 413, 101 So.2d 845, as follows:

" 'It is not enough that the accused is innocent and has been proven to be so. The plaintiff must go further and show that there was no probable cause for thinking that he was guilty.' Street, Foundations of Legal Liability, Vol. 1, pp. 329–330.".

In addition, the Court of Appeals also set out a definition of probable cause as follows:

"The expression 'probable cause' has been defined in Lunsford v. Dietrich, 93 Ala. 565, 9 So. 308, 310, ' "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged." '—citing Davie v. Wisher, 72 Ill. 262. Alternatively, in that case, the court quoted from Jordan v. Alabama Great So. R. Co., 81 Ala. 220, 8 So. 191, ' "probable cause is such a state of facts and circumstances as would lead a man of ordinary caution and prudence, acting conscientiously, impartially, reasonably, and without prejudice, to believe that the person accused is guilty." ' "

■ Furthermore, it has been held that an acquittal is not even prima facie evidence of lack of probable cause. Crim v. Crim, supra; Sanders v. Davis, 153 Ala. 375, 44 So. 979. On this particular issue, the court in *Crim*, supra, had the following to say:

"It follows as a reasonable and observative deduction that a person may in good faith entertain all of the necessary requisites of probable cause and on this basis institute a prosecution, and, nevertheless, the accused may be acquitted of the charge. If it were not so, there could be a serious determent to the enforcement of our criminal laws."

■■ Viewing appellee's case in a light that would be most favorable to him, we conclude that, at most, all he has proven was a wrongful institution of legal proceedings. And, where there is a wrongful institution of legal proceedings, without concurrence of malice or want of probable cause, an action for malicious prosecution will not lie. McCarty v. Williams, 212 Ala. 232, 102 So. 133.

For the errors hereinabove pointed out, this cause is reversed and remanded to the trial court for a new trial.

Reversed and Remanded.

## ON REHEARING

■ In his application for rehearing, appellee argues that where the plaintiff. in

a malicious prosecution suit had a judgment rendered favorable to him in a prior civil suit, that judgment is prima facie evidence of want of probable cause. Penney v. Warren, 217 Ala. 120, 115 So. 16. Apparently, appellee relies on that paragraph under headnote No. 4, which is as follows:

"The attachment plaintiff's failure to prosecute his suit to judgment is always prima facie evidence that the suit was wrongful. And where the evidence shows a judgment for the defendant on the merits, it is conclusive of the wrongfulness of the suit. Smith v. Summers, 215 Ala. 690, 112 So. 344. The evidence here showed a judgment in the circuit court for the defendant in attachment on the merits; and hence the jury were properly instructed that under the evidence he was not indebted to the plaintiff in attachment, and the writ of attachment was wrongfully sued out. Lockhart v. Woods, 38 Ala. 631, 637. * * *"

We do not interpret the above quoted material as does appellee. We construe that paragraph as holding that a judgment favorable to defendant is prima facie evidence that the suit was wrongful. It does not say that a favorable judgment is prima facie evidence of want of probable cause. Indeed, the case of Smith v. Summers, cited therein, is to the same effect. As we pointed out in our opinion, proof of the "wrongful institution" of a civil suit without the concurrence of malice and want of probable cause, will not support an action for malicious prosecution. McCarty v. Williams, 212 Ala. 232, 102 So. 133. See also Turner v. J. Blach & Sons, 242 Ala. 127, 5 So.2d 93.

We are still of the opinion appellee failed to carry the burden of proving want of probable cause.

Opinion extended.

Application for Rehearing Overruled.