243 So.2d 43

Ellis DODSON, Jr.

v.

FORD MOTOR CREDIT COMPANY,
a Corporation.

6 Div. 58.

Court of Civil Appeals of Alabama.

Jan. 6, 1971.

Charles· Cleveland, Birmingham, for appellee.

Lorant, Bouloukos & Kopelousos, Birmingham, for appellant.

BRADLEY, Judge.

This is a malicious prosecution case filed by the appellant here, Ellis Dodson, Jr., against Ford Motor Credit Company, a Corporation, appellee here, in the Circuit Court of Jefferson County.

The complaint, as amended, contained one count, and alleged that plaintiff had been maliciously and without probable cause sued by Ford Motor Credit Company, a Corporation—hereinafter referred to as Ford—in the Civil Court of Jefferson County for a deficiency resulting from the repossession of a 1964 Ford Galaxie which had been purchased by plaintiff some fifteen months before from Maring Crawford Motor Company.

The amended demurrer filed by Ford was later overruled. Thereupon a plea in short by consent was filed, and a trial ensued before the court and a jury. Upon the termination of the trial, the court directed the jury to return a verdict for Ford, which was done.

An appeal was taken to this court from the action of the trial court.

The tendencies of the evidence reveal that plaintiff-appellant, Ellis Dodson, Jr., hereinafter called Dodson, purchased from Maring Crawford Motor Company, in July 1964, a new 1964 Ford Galaxie with a standard shift. The sales price of the auto was $2,579.50, with Dodson paying $300 down, leaving $2,269.50 to be financed over a period of 36 months at $76.72 per month.

Payments were made regularly for about 15 months, at which time Dodson, because of an inability to continue the payments, requested Ford to repossess the car. The amount due Ford on the purchase agreement at the time of repossession was $1,626.48.

Ford was advised by Dodson that his wife had been in the hospital and he had incurred large medical bills and would be unable to keep up the payments on the car.

Dodson testified that he had made an effort to sell the car and to refinance it, but had been unsuccessful.

At the time the car was repossessed, Dodson was not at home, but his wife was there and turned the car over to the employee of Ford, who took possession and took it to Ford's storage lot.

This employee testified that no agreement was made with Dodson's wife to accept the car in satisfaction of the amount owed on the contract. Mrs. Dodson did not testify at the trial.

Ford's Repossessed Vehicle Appraisal form, introduced in evidence at the trial, indicated the Galaxie to be worth about $1,250. This form also showed the NADA price to be $1,450 wholesale, and $1,835 retail. The NADA is a booklet published semi-annually by the National Automobile Dealers' Association containing suggested prices for various motor vehicles being offered for sale. This booklet is used as a guide by various groups who trade and traffic in motor vehicles in arriving at a price for a particular vehicle.

After the repossession, three bids were taken on the Galaxie, and it was sold to the highest bidder for $1,200.00 as is, without any reconditioning.

After the sale of the Galaxie, Dodson was notified that there was a deficiency in his contract of $418.86 and was offered several ways of paying it off.

**390**

Dodson's attorney wrote Ford and stated that the value of the Galaxie at the time of repossession was more than the balance due.

Ford's attorneys advised Dodson that if the deficiency was not paid or some arrangement made to pay, they would have to file suit for the amount due.

No payment was made by Dodson, and suit was filed against him in the Civil Court of Jefferson County for the amount deemed to be owed to Ford.

There was a trial in the Civil Court without a jury, resulting in a judgment for Dodson. There was no appeal from this judgment.

Dodson then sued Ford in the Circuit Court for malicious prosecution for having filed suit on the deficiency in the Civil Court.

The question presented to this court for answer is whether the trial court erred in directing a verdict in favor of Ford.

It was held in Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555, that an action for malicious prosecution is one:

"* * * 'not favored in law,' and the action has been hedged about by limitations more stringent than those in the case of almost any other act causing damage to another, and the courts have allowed recovery only when the requirements limiting it have been fully complied with. [Citations omitted.]

"One of the reasons for this rule is that public policy requires that all persons shall resort freely to the courts for redress of wrongs and to enforce their rights, and that this may be done without the peril of a suit for damages in the event of an unfavorable judgment by jury or judge. If this were not the case, a large proportion of unsuccessful civil actions would be followed by suits for malicious prosecution, and there would be a piling of litigation on litigation without end. [Citations omitted.]

"We feel strongly that a litigant should be entitled to have his rights determined in a court of law without risk of being sued and having to respond in damages, for seeking unsuccessfully to enforce his rights, * * *."

This court has held that for a plaintiff to succeed in a malicious prosecution case, the averments and proofs must show: (1) a judicial proceeding; (2) that it was instigated by the defendant; (3) want of probable cause; (4) malice; (5) the termination of the judicial proceeding favorably to the plaintiff; and (6) damages. Ford Ins. and Real Estate Co., Inc. v. Thrasher, 45 Ala.App. 592, 234 So.2d 590.

We also said in the *Thrasher* case, supra, that the burden was on the plaintiff to bring in evidence of want of probable cause.

In determining whether Ford acted without probable cause in instituting the action in the Civil Court, we must weigh its action in light of the facts before it at the time the claim was filed, and not in light of facts appearing after the claim was filed. Hanchey v. Brunson, 175 Ala. 236, 56 So. 971.

Ford says there was probable cause for believing that it would be successful in establishing its claim to the alleged deficiency arising out of the repossession and sale of the Galaxie. And, this being so, an essential element of Dodson's case would fail, i. e., there would be no want of probable cause.

Furthermore, Ford says that there was no malice involved in the filing of its claim in the Civil Court of Jefferson County, because a reputable attorney was retained to counsel with it about the matter and, after being presented with all the facts available at that time, advised there was a reasonable belief that its claim would be upheld by said Civil Court.

In *Haygood,* supra, the Supreme Court said:

"In determining probable cause for initiation of civil proceedings, all that is necessary is that the claimant reasonably ·believe that there is a chance that his claim may be held valid upon adjudication."

In the case before us, Ford contends that it relied on the advice of its counsel, i. e., claimant was advised that it had a valid claim and that it had a reasonable chance of having its claim upheld by the court; therefore, there could have been no malice in the filing of the action in the Civil Court.

Dodson contends however that even though reliance on the advice of a lawyer who has all the facts presented to him in a malicious prosecution action is a complete defense where malice is an essential ingredient of the action, nevertheless, where the evidence is conflicting, it is a jury question as to whether or not the defendant made a full and fair statement of the facts to the lawyer. See Stewart v. Blair, 171 Ala. 147, 54 So. 506.

It appears that in deciding whether the elements of want of probable cause and malice exist, we must determine first whether there was a material conflict in the facts placed before the attorney representing Ford, prior to the time the claim for the deficiency was filed in the Civil Court.

The evidence is to the effect that Ford turned over its entire file to its attorney prior to institution of the claim.

The file revealed the amount owed at the time of repossession, the efforts of Dodson to prevent repossession, the repossession, the taking of three bids for the car as is, the acceptance of the highest bid, the awareness of Ford of the NADA values for wholesale and retail, which were generally understood to be mere guides to value, and two letters from Dodson's attorney stating, in part, that the repossessed vehicle was worth more than the amount owed on it, this statement being unsupported by any facts as to sales of similar cars in the area, or by estimates of value from dealers in used cars.

The file also showed that Ford's attorneys made efforts to collect from Dodson, but were unsuccessful; and that it was after these efforts proved fruitless that the claim was presented to the Civil Court of Jefferson County.

After a careful examination of the facts as presented to Ford's attorney, we can perceive no material conflict therein which would warrant a jury decision, particularly in view of the fact that the automobile in question was sold to the highest bidder.

Furthermore, we are also of the opinion that the two letters sent to Ford's attorney by Dodson's attorney were self-serving, in that they set out no more than the writer's opinion of whether the car was worth more at the time of repossession than the outstanding indebtedness, and are not to be considered in deciding whether there was a conflict in the facts placed before Ford's attorney. Lewis v. Dothan Drug Co., 247 Ala. 279, 24 So.2d 119.

We are therefore of the opinion that the facts presented to the attorney for Ford prior to the institution of proceedings to enforce Ford's claim were not in conflict and were sufficient to authorize a man of "ordinary caution and prudence, acting conscientiously, impartially, reasonably, and without prejudice * * *" to believe that probable cause existed for filing the claim. See Lunsford v. Dietrich, 93 Ala. 565, 9 So. 308.

Hence, it is our conclusion that Dodson not only failed to prove a want of probable cause, but also failed to prove malice both essential elements to a successful enforcement of a malicious prosecution action.

Where the facts introduced to prove probable cause for bringing an action and

**392**

to prove an absence of malice in bringing said action are not in dispute, the question presented is one of law for the court to decide and not a factual one for the jury to decide. The trial court, in the case at bar, acted properly in directing that a verdict for Ford be returned by the jury. Glidden Co. v. Laney, 234 Ala. 475, 175 So. 296.

Affirmed.