**George D. KING**

**v.**

**Claude M. FARRELL.**

**Civ. I.**

Court of Civil Appeals of Alabama.

May 21, 1975.

---

Howell, Johnston, Langford, Finkbohner & Lawler, Mobile, for appellant.

Lyons, Pipes & Cook and Cooper C. Thurber, Mobile, for appellee.

BRADLEY, Judge.

The plaintiff, George D. King, commenced this action on November 24, 1969 by filing a complaint in the Circuit Court of Mobile County against defendant, Claude M. Farrell, seeking damages for malicious prosecution and false imprisonment. Defendant filed pleas of not guilty and the general issue. Trial was had before the court and the jury on both counts of the complaint. At the end of the trial and at the request of defendant, the general affirmative charge without hypothesis was given. There was a motion for new trial based on the giving of the general charge. The request for a new trial was denied. The appeal is from the judgment in favor of defendant and the refusal of a new trial.

The two assignments of error are posited on these two rulings of the trial court. The argument in brief, however, seeks to overturn the rulings of the trial court only as they relate to the malicious prosecution count; we assume, therefore, that plaintiff does not wish to argue the merits of the false imprisonment count, and we will confine our decision to that aspect of the trial court's ruling relating to the malicious prosecution count.

The facts show that in June or July of 1969, plaintiff agreed to purchase a lot from Mr. James Vrachalus that fronted on Dog River in Mobile County. Mr. Claude Farrell owned the property adjoining the Vrachalus property. In 1959 Farrell and Vrachalus had installed a bulkhead around a portion of each of their lots. Each landowner paid for the portion of the bulkhead that extended from his lot into Dog River.

Some ten years after the building of the bulkhead, the adjoining property owners, Farrell and Vrachalus, being unable to agree on the location of the boundary line between their lots, asked the Circuit Court of Mobile County to resolve the disagreement. The decree was rendered providing in essence that neither property owner had the right to build the bulkhead and fill in behind it beyond the high-water mark on the shore of Dog River, and, that upon six months' written notice, either owner might demand the removal of the bulkhead and restoration of the lands to their original boundaries. The decree also provided that the court retain jurisdiction for the settlement of controversies arising out of its interpretation or enforcement.

Mr. Vince Kilborn, an attorney in Mobile, represented Mr. Farrell in this proceeding, and is the person to whom Mr. Farrell referred Mr. King concerning questions that he might have relating to the court decree fixing the boundary and prescribing the terms for the removal of

the bulkhead. Mr. King talked to Mr. Kilborn on several occasions.

After talking with Farrell and Kilborn, Mr. King suggested that they accept a common boundary line between their property; however, Mr. Farrell would not agree to any change in the dividing line.

Upon the failure to obtain an agreement, Mr. King delivered to Mr. Farrell a written notice demanding the removal of the bulkhead as provided in the court decree. However, before the end of the six months' period as provided in the decree, Mr. King went to the property and dug out behind the bulkhead which was paid for by and fronted on Mr. Farrell's property for some fifteen to sixteen feet and also splintered a bulkhead stringer with his axe. Prior to this action, Mr. King had notified both Mr. Farrell and Mr. Kilborn that he intended to remove the bulkhead if it was deemed necessary.

Upon learning of the damage done by King, Mr. Farrell called Mr. Kilborn and asked what should be done. Mr. Kilborn advised Mr. Farrell to make a complaint against Mr. King in the Court of General Sessions of Mobile County. The complaint made by Mr. Farrell against King was for maliciously destroying private property. King was arrested on the complaint, jailed, and later released on bond. After the hearing before the court, King was discharged and the complaint dismissed as being a "civil matter."

One month later, the present proceedings were filed against Mr. Farrell by Mr. King.

█ We concluded in Ford Ins. & Real Estate Co. v. Thrasher, 45 Ala.App. 592, 234 So.2d 590, that for one to succeed in a malicious prosecution action, the averments and proof must show: (1) a judicial proceeding; (2) that it was instigated by the defendant; (3) want of probable cause; (4) malice; (5) the termination of the judicial proceeding favorably to the plaintiff; and (6) damages.

█ In the instant case the dispute over the failure of proof centers around the want of probable cause and malice. Malice and lack of probable cause must concur; otherwise there cannot be a malicious prosecution. Birwood Paper Company v. Damsky, 285 Ala. 127, 229 So.2d 514. Plaintiff contends, however, that the evidence offered in support of the issue of lack of probable cause was in dispute and was therefore a matter for the jury rather than for the court. Reliance is placed on Alabama Dry Dock & Shipbuilding Co. v. Bates, 33 Ala.App. 81, 30 So.2d 273. It is there stated:

"It is well established by the authorities that if there is a dispute in the evidence with reference to probable cause, this presents an inquiry to be determined by the jury and cannot be decided as a matter of law by the court. [Citations omitted.]"

Defendant counters by suggesting that: (1) plaintiff failed to prove lack of probable cause, for that the evidence proves that plaintiff was guilty of the destruction of defendant's property even though the criminal charge against plaintiff was dismissed; and (2) that he acted on the advice of counsel in bringing the criminal charge against plaintiff.

█ Defendant, in discussing his first contention, relied on the supreme court's statement in Shannon v. Sims, 146 Ala. 673, 40 So. 574, that:

" . . . The defendant had the right, however, to show that plaintiff had committed the offense which the affidavit attempted to charge . . . as a bar to a recovery to the counts for malicious prosecution."

The evidence showed that the bulkhead admittedly damaged by plaintiff belonged to defendant and this was the property that plaintiff was charged with destroying.

Plaintiff, in his testimony at the trial of this case, admitted digging behind the bulkhead in front of defendant's property and

splintering a stringer with an axe. Another witness, James Vrachalus, plaintiff's predecessor in title, said that the portion of the bulkhead damaged by plaintiff was the property of defendant. There was no evidence introduced disputing defendant's ownership of the damaged bulkhead.

The Supreme Court in Birwood Paper Co. v. Damsky, 285 Ala. 127, 229 So.2d 514, said:

"The facts which we have set out above are admitted or undisputed. Under such circumstances the question of probable cause is for the court. Birmingham R. L. & P. Co. v. Ellis, 5 Ala. App. 525, 58 So. 796; McMullen v. Daniel, 229 Ala. 194, 155 So. 687; Elliott v. Caheen Bros., 228 Ala. 432, 153 So. 613; Brackin v. Reynolds, 239 Ala. 419, 194 So. 876. . . .

"We hold that under the undisputed facts developed in the trial below the appellees had knowledge of such facts as to lead a man of ordinary caution and prudence to entertain an honest suspicion that Damsky was threatening or about to do harm to the property of the Birwood Paper Company. Such situation, as a matter of law, constituted probable cause for Allen's attempt at preventing such wrong.

"An action of malicious prosecution is not favored in the law. This, for the reason that anyone who has reasonable cause to believe that there is reasonable cause for legal redress and protection has a lawful right to seek such redress without risk of being sued and having to respond in damages for seeking unsuccessfully to enforce his rights. [Citation omitted.]"

Based on the admitted and undisputed evidence set out above, we conclude that the trial court properly found that there was probable cause for plaintiff's arrest.

Defendant's second contention is that he acted honestly and in good faith on the advice of his attorney in having plaintiff arrested on the charge of destroying private property.

"Advice of counsel honestly sought and acted on in good faith is a complete defense to an action for malicious prosecution. [Citations omitted.]" Birwood Paper Company v. Damsky, *supra*.

It should be noted that where the facts supporting the advice-of-counsel defense theory are not in dispute, the question for decision is one of law for the trial court. Birwood Paper Company v. Damsky, *supra*.

The evidence is undisputed that Mr. Kilborn had represented the defendant in his boundary line dispute with plaintiff's predecessor in title and was thoroughly familiar with the facts bearing on the circumstances of the existence and ownership of the bulkhead in question; that plaintiff talked to defendant and Mr. Kilborn on several occasions; that defendant, upon being informed by plaintiff that he intended to remove the bulkhead and learning that plaintiff was digging around his bulkhead, sought Mr. Kilborn's advice relative to the course of action he should take; and that Mr. Kilborn advised him that the portion of the bulkhead that had been tampered with by plaintiff was the personal property of defendant and that defendant should swear out a warrant for plaintiff's arrest for destroying private property.

The evidence quite obviously reflects that defendant honestly sought, and in good faith relied on, the advice of his attorney, and such is a complete defense to the charge of malicious prosecution.

No reversible error having been made to appear, the judgment of the trial court is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.