I have no objection to that part of the majority opinion which makes entry of a nolle prosequi prima facie evidence of a termination in favor of the plaintiff. This approach seems to be the most reasonable one in light of the practice of district attorneys and courts, such as the Birmingham Municipal Court, of allowing first offenders to plead guilty, make restitution, and pay court costs in exchange for nolle prosequi of the charges. Indeed, the Legislature has recognized that a nolle prosequi is not necessarily inconsistent with the assessment of costs, by enacting legislation which acknowledges that situations exist where the interests of justice may be best served by allowing a judge to enter an order dismissing a case upon the payment of costs by the defendant. Acts 1975, No. 1205, § 16-118, and Acts 1981, No. 81-353, p. 508, codified at Code 1975, § 12-19-150.
I disagree with the Court's determination that a genuine issue of material fact exists regarding probable cause to instigate the criminal prosecution. It is my opinion that defendant Pizitz overcame any "presumption" of want of probable cause created by the entry of the nolle prosequi. The burden is on the plaintiff to establish each necessary element, including lack of probable cause to instigate the criminal proceeding.Alabama Power Co. v. Neighbors, 402 So.2d 958, 966 (Ala. 1981). If the plaintiff fails to prove any of those elements, then the defendant is entitled to a judgment as a matter of law. AlabamaPower Co. v. Neighbors, supra. "Probable cause" has been defined as:
 "[S]uch a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty."
Hanson v. Couch, 360 So.2d 942 (Ala. 1978). Furthermore, in determining the existence of probable cause, the court must weigh the defendant's actions in light of the facts as they appeared at the time the claim was filed. Dodson v. Ford MotorCredit Co., 46 Ala. App. 387, 243 So.2d 43 (1971). *Page 973 
It is my opinion that the return of the check from the bank marked "Insufficient Funds" clearly afforded defendant a basis for believing that the plaintiff was guilty of issuing a bad check. In this case the record reflects that defendant sought to verify this information by sending notice of nonpayment to plaintiff by certified mail.
Furthermore, under the statute in effect at the time of the incident, Code 1975, 13A-9-13, defendant in this case could have reasonably entertained the position that it had, in fact, prima facie evidence that plaintiff intended, knew, or expected that the instrument would not be honored.
Under the facts of this case, it cannot be said that this case was brought without a reasonable prospect of success. InKey v. Dozier, 252 Ala. 631, 634, 42 So.2d 254, 256 (1949), this Court stated: "[I]f the facts on the issue of probable cause are not in dispute, whether such facts amount to probable cause is a question of law for the Court." The returned check and notice of dishonor established probable cause for the instigation of the criminal proceedings. The trial court, therefore, could properly rule that proof in the present case showed probable cause to instigate these proceedings. Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Ray v. Montgomery, 399 So.2d 230
(Ala. 1980); Rule 56 (c), A.R.Civ.P. I would affirm the trial court's order granting summary judgment under the facts of this case.
MADDOX, J., concurs.