J. ED TEASE, Retired Circuit Judge.
In this malicious prosecution case the trial court granted defendant’s motion for directed verdict at close of plaintiffs’ ease, and plaintiffs appeal.
Whether the trial court erred to reversal by granting such motion is the sole issue presented on appeal.
Plaintiffs-appellants were used automobile dealers in the spring of 1985 when they purchased a 1979 Oldsmobile from defendant, Metropolitan Toyota, for $2,400. Appellants received the vehicle and were to pay the purchase price when they received the title from Metropolitan. Receipt of the title was delayed until November 1985 due to apparent clerical mistakes. After Metropolitan requested payment, the $2,400 purchase price was paid by check dated November 5, 1985. On January 24, 1986 Metropolitan filed suit against appellants in the Circuit Court of Mobile County alleging nonpayment of the $2,400 purchase price and actionable fraud.
Upon being served with the lawsuit, appellants retained a Mobile attorney who filed an appropriate answer and jury demand on February 6, 1986. The suit was dismissed on May 13, 1986 by order reciting “indebtedness being paid before suit *882 filed, case dismissed; costs taxed to plaintiff.”
The trial record reveals that the dismissal order was entered after some apparent discussion between the lawyers representing both parties. However, no written motion to dismiss nor stipulation for dismissal was filed.
In May 1987 appellants brought this malicious prosecution action which proceeded to trial on June 1, 1988. After appellants rested their case, appellee filed a written motion for directed verdict on the grounds that (1) plaintiffs had failed to prove the necessary elements to sustain an action of malicious prosecution including the element of malice and (2) “the underlying action upon which plaintiffs [appellants] base their claim for malicious prosecution was not terminated on the merits in favor of plaintiffs.”
Oral argument in support of, and in opposition to, said motion was offered both on and off the record. The trial court granted the motion for directed verdict on the record, stating:
“Based on the evidence as I have heard it, it does not appear that the plaintiff[s] by circumstantial evidence or otherwise [have] proved sufficiently any malice for me to allow this case to go to the jury. I am, therefore, going to direct a judgment in favor of the [defendant].”
After the trial court overruled appellants’ motion for new trial, this appeal was perfected.
In response to appellants’ assertion that the trial court erred in granting the motion for directed verdict, appellee contends that appellants failed to prove two essential elements of malicious prosecution: (1) malice and (2) that the civil suit was terminated in favor of appellants.
“To succeed in an action for malicious prosecution based upon a prior civil case, the plaintiff must prove these essential elements: (1) that a civil action was filed by the defendant against the plaintiff, (2) which was instigated by the defendant maliciously and (3) without probable cause (4) with the civil action being terminated favorably to the plaintiff, (5) who suffered damage as a proximate result of the suit. First Shelby National Bank v. Mitchell, 406 So.2d 959 (Ala.Civ.App.1981); Gamble v. Webb Quarterback Club, 386 So.2d 455 (Ala.Civ.App.), cert. denied, 386 So.2d 459 (Ala.1980); Ford Insurance & Real Estate Co. v. Thrasher, 45 Ala.App. 592, 234 So.2d 590 (Ala.Civ.App.1970)."
AAA Employment, Inc. v. Weed, 457 So.2d 428, 430 (Ala.Civ.App.1984).
In appellee’s cited case of Evans v. Alabama Professional Health Consultants, 474 So.2d 86 (Ala.1985), the parties had concluded the prior civil suit by entering into a stipulation of dismissal. In the malicious prosecution suit which followed, the trial court granted summary judgment for defendant. In affirming the trial court our supreme court said:
“A suit for malicious prosecution is an action not favored in the law. Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555 (1959). Accordingly, malicious prosecution actions face stringent limitations. American Surety Co. v. Pryor, 217 Ala. 244, 115 So. 176 (1927); see also Jordan v. Empiregas, Inc. of Belle Mina, 337 So.2d 732 (Ala.1976)....
“The issue presented is whether a stipulation of dismissal entered into in a prior proceeding, and signed by all parties, is a termination of judicial proceedings in favor of the plaintiff for purposes of maintaining a subsequent malicious prosecution suit. We conclude that it is not.
“A stipulation is defined as a ‘voluntary agreement between opposing counsel concerning disposition of some relevant point so as to obviate need for proof or to narrow range of litigable issues.’ Black’s Law Dictionary 1269 (rev. 5th ed. 1979), quoting Arrington v. State, 233 So.2d 634, 636 (Fla.1970). (Emphasis added.) Stipulation of dismissal of an action may be pursuant to' Rule 41(a)(1)(h), ARCP, if the stipulation is signed by all parties who have appeared in the action.
“It cannot be that such a stipulation is a ‘final determination in favor of the plaintiff’ for purposes of a malicious prosecution suit. Such a stipulation of dismissal is more in the nature of a set *883 tlement agreement, compromising the interests of both parties, but ‘in favor’ of neither party.
“Courts look with favor on settlements, Maddox v. Druid City Hospital Board, 357 So.2d 974, 975 (Ala.1978), and find no favor with malicious prosecution actions, Boothby Realty Co., supra.
“In fact, this court has held that where dismissal of a claim is part of a settlement agreement, such termination of the proceedings is not favorable to the plaintiff in all respects, and no malicious prosecution action will lie. Wilson v. Brooks, 369 So.2d 1221 (Ala.1979).
“Likewise, we hold today, that under the facts presented, a Rule 41(a)(l)(ii) voluntary dismissal is not a ‘termination in favor of the plaintiff for purposes of maintaining a malicious prosecution action.”
Evans, supra, at 88.
While our case does not involve a Rule 41(a)(l)(ii) dismissal, it does involve a voluntary dismissal, without prejudice, under Rule 41(a)(2), requiring discretionary court approval.
“It is respectfully submitted that the requirement of Rule 41(a)(2) for action by a court order can be assumed to be other than an ex parte order.” 2 C. Lyons, Alabama Rules of Civil Procedure Annotated, § 41.4 (2d ed. 1986).
Although no written agreement or stipulation was filed, as in the Evans case, supra, it is obvious there was an oral agreement between the parties (through their attorneys) for the case to be dismissed. As to the effect of such voluntary dismissals on malicious prosecution cases, it is incongruous to suggest that the result should vary between oral agreements to dismiss and those in writing, so long as they are both component elements of a settlement by the parties.
“Whether the proceedings complained of have legally terminated in favor of plaintiff is a question of law for the court, where such determination depends on the construction of records, or where the facts are undisputed.”
54 C.J.S. Malicious Prosecution, § 89 (1987).
In the case before us, the trial court considered the undisputed testimony of the appellants and certain exhibits which included the above quoted dismissal order entered by the court.
We hold that the evidence was sufficient from which the trial court could have determined, as a matter of law, that the dismissal order was entered pursuant to a settlement agreement between the parties.
Appellants argue that the trial court based the directed verdict on the failure to prove the element of malice. However, it is not necessary that we determine whether that particular stated ground was error, for the judgment was correct under the evidence for the other reasons previously discussed herein. Gamble v. Gamble, 363 So.2d 790 (Ala.Civ.App.1978).
The judgment of the trial court is due to be, and is, affirmed.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.