ADAMS, Justice.
Rosemary R. McLain appeals from a summary judgment in favor of Nursefin-ders of Mobile, Inc., in Ms. McLain’s action alleging malicious prosecution and abuse of process. We affirm.
Ms. McLain was dismissed from her employment at Nursefinders in September 1989. In October 1989, she returned to Nursefinders to discuss vacation pay she thought might be due her, and it is undisputed that at that time she informed her supervisor, Mr. Hudson, that she had been *854 contacted by someone from Norrell Health Care Services regarding potential employment there. Nursefinders thereafter requested and obtained a temporary restraining order preventing McLain from accepting employment from any of its competitors in violation of a two-year noncompetition clause in her contract with Nursefin-ders. Thereafter, a hearing was held on Nursefinders’ request for a preliminary in junction. The trial court dissolved the TRO and denied the request for a preliminary injunction. McLain then filed this suit, alleging malicious prosecution and abuse of process.
“ ‘Malicious prosecution is an action disfavored in the law.’ Cutts v. American United Life Insurance Co., 505 So.2d 1211, 1212 (Ala.1987). The reason for such disfavor is clear: ‘[Pjublic policy requires that all persons shall resort freely to the courts for redress of wrongs and to enforce their rights, and that it may be done without the peril of a suit for damages in the event of an unfavorable judgment by jury or judge.’ Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555, 559 (1959).
“For the trial court to have erred in granting summary judgment for [the malicious prosecution defendant] on the malicious prosecution count, there must have been some direct or circumstantial evidence from which the trier of fact could reasonably infer each of the following elements, which comprise a cause of action for malicious prosecution: (1) that a judicial proceeding was initiated by [the malicious prosecution defendant] against [the malicious prosecution plaintiff], (2) that the judicial proceeding was instituted without probable cause, (3) that the proceedings were instituted by [the malicious prosecution defendant] maliciously, (4) that the judicial proceeding had been terminated in favor of [the malicious prosecution plaintiff], and (5) that [the malicious prosecution plaintiff] suffered damage as a proximate cause of the judicial proceeding. Smith v. Wendy’s of the South, Inc., 503 So.2d 843, 844 (Ala.1987).”
Eidson v. Olin Corp., 527 So.2d 1283, 1284 (Ala.1988). It is undisputed that Nursefin-ders initiated a suit against McLain and that the disposition of the case was favorable to McLain. Therefore, McLain offered evidence with regard to elements (1) and (4) stated in Eidson. McLain also provided substantial evidence with regard to element (3) by offering evidence that her supervisor at Nursefinders was angry with her when the underlying injunction suit was filed because McLain had sent letters following her termination to his supervisors complaining about his practices. We must now consider whether Nursefinders had probable cause to initiate the underlying injunction action.
“Probable cause is defined as ‘ “[a] reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged.” ’ Parisian Co. v. Williams, 203 Ala. 378, 383, 83 So. 122, 127 (1919). ‘The question is not whether the [malicious prosecution] plaintiff was guilty of the thing charged, but whether the [malicious prosecution] defendant acted in good faith on the appearance of things.’ ... Birwood Paper Co. v. Damsky, 285 Ala. 127, 134-35, 229 So.2d 514, 521 (1969).
“In determining whether probable cause existed, the court must weigh [the malicious prosecution defendant’s] actions in light of the facts as they appeared at the time the [underlying] action was filed. Hanson v. Couch, 360 So.2d 942 (Ala.1978); Dodson v. Ford Motor Credit Co., 46 Ala.App. 387, 243 So.2d 43 (1971).”
Eidson v. Olin Corp., 527 So.2d 1283, 1285 (Ala.1988). (Emphasis added in Eidson.) It is undisputed that Norrell Health Care Services contacted McLain following her termination from Nursefinders. It is also undisputed that the management of Nurse-finders was under the impression that Nor-rell did not honor noncompetition clauses in contracts. Further, all parties to this litigation have admitted that when McLain went to Nursefinders in October to discuss *855 her vacation pay, she stated that Norrell was “interested” in what she had to say about possible employment with Norrell.[1] Regarding that meeting, Mr. Hudson (McLain’s former supervisor) and another employee of Nursefinders both have stated that they were under the impression that McLain would pursue employment with Norrell. Hudson testified that he thereafter sought the advice of an attorney, who recommended that suit be filed.
“If there are any undisputed facts of record establishing that [the malicious prosecution defendant] had probable cause to bring the former action ... against [the malicious prosecution plaintiff], then [the malicious prosecution plaintiff] cannot recover for malicious prosecution and summary judgment is appropriate.”
Id., at 1285. As stated above, Nursefin-ders certainly had facts that would have justified the filing of the underlying suit against Ms. McLain. The attorney for Nursefinders in the underlying action stated that she attempted to contact both Ms. Lopez at Norrell and Ms. McLain numerous times before filing the suit; however, she said, her telephone calls were never returned. In light of the contract and the facts that were presented to her, she recommended that Nursefinders sue.
“The test that this Court must apply when reviewing the lack-of-probable-cause element in a malicious prosecution case in which summary judgment has been granted to a defendant is as follows: Can one or more undisputed facts be found in the record below establishing that the defendant acted in good faith on the appearance of things as they existed when suit was filed, based upon direct evidence, or upon circumstantial evidence and the inferences that can reasonably be drawn therefrom?”
Id., at 1285.
Again, it is undisputed that Lopez wanted to hire McLain. It is further undisputed that McLain’s acceptance of employment by Norrell would be a violation of the non-competition clause in her contract with Nursefinders. Nursefinders was under the impression that at the very least Norrell was “interested” in what McLain had to say regarding possible employment at Nor-rell and that Nursefinders had been informed by Norrell that Norrell did not hon- or noncompetition clauses. The covenant not to compete in McLain’s contract stated:
“6. Injunctive Relief. The Company, in addition to other legal and equitable rights and remedies, shall be entitled to damages and to injunctive relief restraining any actual or threatened violation of this agreement by the Employee to prevent Employee’s conduct from injuring Company and its business.”
The facts presented clearly evidenced, at the least, a threatened breach. We note, too, that Nursefinders’ attorney, before suing, had, on numerous occasions, attempted, unsuccessfully, to contact both Lopez and McLain. We conclude that Nursefin-ders had probable cause to sue, and we therefore affirm the summary judgment in favor of Nursefinders on McLain’s claim of malicious prosecution.
We have considered McLain’s claim of abuse of process and, likewise, we find it to be without merit.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.

. It is disputed as to whether McLain told Nur-sefinders at that meeting that she did not intend to accept employment with Norrell.